UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| WILLIAM BREAZEALE, | Case No. 2:17-cv-02594-RFB-CWH |
| Plaintiff, | ORDER |
| v. | Plaintiff's Motion for Temporary Restraining Order |
| SOUTHWEST AIRLINE PILOT'S ASSOCIATION; DOES 1-20; ROE CORPS. 1-20, | |
| Defendant. | |

Before the Court is Plaintiff William Breazeale ("Plaintiff")'s Motion for Temporary Restraining Order ("TRO"). (ECF No. 4). For the reasons stated below, the Court DENIES Plaintiff's Motion.

Plaintiff filed a Complaint on October 5, 2017, against Defendant Southwest Airline Pilot's Association ("SWAPA"), alleging violations of the Labor Management Reporting and Disclosure Act ("LMRDA"), 29 U.S.C. §§ 481 and 411. (ECF No. 1). Plaintiff asserts a breach of contract cause of action, and a breach of implied covenant of good faith and fair dealing cause of action, alleging that SWAPA has violated the SWAPA Constitution and Bylaws and Policy Manual in the recent election for Las Vegas Domicile Representative. Plaintiff also filed the instant Motion for TRO on October 5, 2017. (ECF No. 4). Plaintiff asks the Court to enjoin and restrain SWAPA from allowing SWAPA Las Vegas Domicile Representative Candidate Matt Kenworthy ("Kenworthy") from appearing on the ballot for upcoming SWAPA Las Vegas Domicile Representative Election, which opened on October 6, 2017. Plaintiff claims that Kenworthy appears on the ballot in violation of SWAPA Election Rules.

Plaintiff's counsel declared that he contacted SWAPA's 2nd Vice President, Tom Gasparolo ("Gasparolo"), on October 5, 2017, to inform Gasparolo about Plaintiff's Complaint being filed and Plaintiff's intention to file for a TRO. (ECF No. 4 at 4). Plaintiff's counsel also left a message for SWAPA's legal counsel informing her of the TRO. (ECF No. 4 at 4). In the Motion, Plaintiff describes his efforts to discuss the alleged violation of the SWAPA Election Rules and LMRDA with Gasparolo in September 2017. (ECF No. 4 at 6-8). Plaintiff claims that these efforts constituted a "formal complaint." However, the Court finds that Plaintiff has failed to exhaust the procedures required by LMRDA and cases interpreting the statute. See 29 U.S.C. § 482 (laying out procedures for enforcement). Only the Secretary of Labor may bring a cause of action in federal court for violations of Title IV of LMRDA. Id. Prior to the Secretary of Labor filing suit, a plaintiff must first lodge a complaint internally and exhaust all internal administrative remedies available pursuant to the constitution and bylaws of plaintiff's union. Id. Plaintiff may then file a complaint with the Secretary of Labor, who conducts an investigation and has the authority to bring suit. See Local No. 82, Furniture & Piano Moving v. Crowley, 467 U.S. 526, 539-540 (1984).

Therefore, the Court denies the Motion without prejudice, with leave to refile subject to the exhaustion of administrative remedies. Under Crowley, once the proper procedures are followed, the Court has the authority to "invalidate an election already held, and order the Secretary to supervise a new election, only if the violation of Title IV may have affected the outcome of the previous election." 467 U.S. at 540.

**CONCLUSION**

IT IS THEREFORE ORDERED that the Motion for Temporary Restraining Order (ECF No. 4) is DENIED without prejudice.

DATED this 12th day of October, 2017.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**