# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| WILLIAM BREAZEALE, | Case No. 2:17-cv-02594-RFB-CWH |
| Plaintiff, | ORDER |
| v. | Plaintiff's Motion for Temporary Restraining Order |
| SOUTHWEST AIRLINE PILOT'S ASSOCIATION; DOES 1-20; ROE CORPS. 1-20, | |
| Defendant. | |

Before the Court is Plaintiff William Breazeale ("Plaintiff")'s Motion for Temporary Restraining Order ("TRO"), (ECF No. 10) and Motion for Preliminary Injunction (ECF No. 12). For the reasons stated below, the Court DENIES Plaintiff's Motions.

## I.  BACKGROUND

Plaintiff filed his original Complaint on October 5, 2017. (ECF No. 1). Plaintiff also filed a Motion for TRO on October 5, 2017. (ECF No. 4). The Court entered an Order denying the TRO for failure to exhaust the remedies set forth in 29 U.S.C. § 482. (ECF No. 7). Plaintiff filed an Amended Complaint on October 12, 2017, against Defendant Southwest Airline Pilot's Association ("SWAPA"), and now alleges violations of the Labor Management Reporting and Disclosure Act ("LMRDA"), 29 U.S.C. § 411. (ECF No. 9). Plaintiff asserts a breach of contract cause of action, and a breach of implied covenant of good faith and fair dealing cause of action, alleging that SWAPA has violated SWAPA governance procedures in the current election for Las

Vegas Domicile Representative. Plaintiff also filed the instant Motion for TRO on October 12, 2017, (ECF No. 10) and a Motion for Preliminary Injunction (ECF No. 12). Plaintiff asks the Court to enjoin and restrain SWAPA from allowing SWAPA Las Vegas Domicile Representative Candidate Matt Kenworthy ("Kenworthy") from appearing on the ballot for the recent SWAPA Las Vegas Domicile Representative Election, which opened on October 6, 2017. Plaintiff claims that Kenworthy appears on the ballot in violation of SWAPA's governing documents.

Plaintiff was nominated to be a candidate for the Domicile Representative seat for the SWAPA Las Vegas domicile, which he accepted. (ECF No. 10 at 5). He alleges that he was informed that someone filed to contest the Domicile Representative position one day before nominations closed. (ECF No. 10 at 5). Plaintiff claims that Kenworthy was nominated as a candidate, even though he was not assigned to the SWAPA Las Vegas domicile, was not present in the state of Nevada with intent to remain, and was not a resident of Nevada at the time of the nomination. (ECF No. 10 at 6). Believing that Kenworthy's nomination was improper, Plaintiff lodged a formal complaint with SWAPA's 2nd Vice President, Tom Gasparolo ("Gasparolo") via email on September 25, 2017. (ECF No. 10-3). In his response on September 29, 2017, Gasparolo purportedly upheld Kenworthy's nomination and found it to be in accordance with SWAPA's governing documents. (ECF No. 10-4). On October 3, 2017, Plaintiff contacted a Department of Labor ("DOL") investigator to lodge a complaint about Kenworthy's nomination, and the investigator scheduled a meeting with Plaintiff and counsel later that week. (ECF No. 10-7). The DOL investigator subsequently cancelled the meeting and informed Plaintiff that the investigation would be put on hold until the election was completed. (ECF No. 10-8). The investigator acknowledged that Plaintiff's October 3, 2017 email would suffice as a formal complaint. (ECF No. 10-8).

## II.  LEGAL STANDARD

Under the Labor Management Reporting and Disclosure Act, only the Secretary of Labor may bring a cause of action in federal court for violations of Title IV of LMRDA. 29 U.S.C. § 482 (laying out procedures for enforcement). Prior to the Secretary of Labor filing suit, a plaintiff must

first lodge a complaint internally and exhaust all internal administrative remedies available pursuant to the constitution and bylaws of plaintiff's union. Id.  Plaintiff may then file a complaint with the Secretary of Labor, who conducts an investigation and has the authority to bring suit. See Local No. 82, Furniture & Piano Moving v. Crowley, 467 U.S. 526, 539-540 (1984).

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008). To obtain a preliminary injunction, a plaintiff must establish four elements: "(1) a likelihood of success on the merits, (2) that the plaintiff will likely suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tip in its favor, and (4) that the public interest favors an injunction." Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc., 758 F.3d 1069, 1071 (9th Cir. 2014), as amended (Mar. 11, 2014) (citing Winter, 555 U.S. 7, 20 (2008)). A preliminary injunction may issue under the "serious questions" test. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1134 (9th Cir. 2011) (affirming the continued viability of this doctrine post-Winter). According to this test, a plaintiff can obtain a preliminary injunction by demonstrating "that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor," in addition to the other Winter elements. Id. at 1134-35 (citation omitted).

**III.     DISCUSSION**

The Court finds that Plaintiff has followed the proper procedures with respect to filing a complaint within his union, and lodging a complaint with the Department of Labor. However, the Court finds that Plaintiff's substituted causes of action do not permit him to bring suit. Recognizing the apparent overlap between Title I and Title IV of LMRDA, the Supreme Court clarified the distinction between the two statutory subsections in Local No. 82, Furniture & Piano Moving v. Crowley, 467 U.S. 526, 539-540 (1984). The Court stated: "[T]he primary objectives that controlled congressional enactment of the LMRDA provide important guidance for our consideration of the availability of Title I remedies during a union election. In particular, throughout the congressional discussions preceding enactment of both Title I and Title IV,

Congress clearly indicated its intent to consolidate challenges to union elections with the Secretary of Labor, and to have the Secretary supervise any new elections necessitated by violations of the Act." Crowley, 467 U.S. at 543. Discussing the private right of action for individual union members pursuant to Title I of the statute, the Court continued: "Individual union members may properly allege violations of Title I that are easily remediable under that Title without substantially delaying or invalidating an ongoing election." Id. at 546. The Court emphasized the importance of minimizing judicial interference with union elections and relying on the expertise of the Secretary of Labor to the greatest extent possible. Id. at 546-551. Crowley concluded that the "District Court overstepped the bounds of 'appropriate' relief under Title I of the LMRDA when it enjoined an ongoing union election and ordered that a new election be held pursuant to court-ordered procedures." Id. at 551.

In light of Crowley and its own review of Title I of LMRDA, the Court finds that Plaintiff does not allege any of the particular circumstances warranting relief under 29 U.S.C. § 411(a). He does not argue that he was prevented from nominating candidates, voting in elections or referendums, or attending membership meetings. Plaintiff does not contend that he was precluded from participating in the deliberations and votes upon the business of union meetings. While the Court recognizes the protective nature of Title I in preventing discrimination between union members, the Court does not find that such discrimination exists here in terms of the allegations. Challenges to union elections and related procedures generally fall within the ambit of Title IV, and can only be brought by the Secretary of Labor. Consequently, the Court finds that the Plaintiff cannot prove a likelihood of success on the merits or a serious question as to the merits of his argument on this issue.

Additionally, the Court finds that Plaintiff has not established irreparable harm. The LMRDA permits a Court (or the Secretary) invalidate a union election after it has occurred in certain circumstances. See 29 U.S.C. § 482; see also Crowley, 467 U.S. at 540-41 (citation omitted). There is therefore no need for the Court to impose injunctive relief at this time.

Given the Court's findings, the remaining factors for consideration as to imposition of a TRO or injunction need not be addressed at this time.

Therefore, the Court denies the Motion for TRO and Motion for Preliminary Injunction with prejudice. Plaintiff shall not file any further injunctive motions on this issue unless given leave from the Court. The Court also finds no reason to grant a hearing at this time.

**IV.    CONCLUSION**

IT IS THEREFORE ORDERED that the Motion for Temporary Restraining Order (ECF No. 10) is DENIED with prejudice. IT IS FURTHER ORDERED that the Motion for Preliminary Injunction (ECF No. 12) is DENIED with prejudice.

DATED this 23rd day of October, 2017.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**